NICHOLAS M. WAJDA (State Bar #259178)
Attorney Email Address: nick@wajdalawgroup.com
WAJDA LAW GROUP, APC
11400 West Olympic Boulevard, Suite 200M
Los Angeles, California 90064
Telephone: (310) 997-0471
Facsimile: (866) 286-8433
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STANLEY D. JUSTICE,<br><br>    Plaintiff,<br><br>v.<br><br>FIDELIS RECOVERY MANAGEMENT, LLC,<br><br>    Defendant. | Case No.  2:18-at-01793<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.**<br><br>2. **VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227 ET SEQ**<br><br>3. **VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

**NOW COMES** Stanley D. Justice ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd., complaining as to the conduct of Fidelis Recovery Management, LLC ("Defendant") as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692, violations of the Telephone Consumer

Protection Act ("TCPA") pursuant to 47 U.S.C. §227, and violations of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") pursuant to Cal. Civ. Code §1788.

## JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA, TCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Eastern District of California, Plaintiff resides in the Eastern District of California, and a substantial portion of the events or omissions giving rise to the claims occurred within the Eastern District of California.

## PARTIES

4. Plaintiff is a natural person over 18-years-of-age who resides in California and is a "consumer" as the term is defined by 15 U.S.C §1692a(3).

5. Defendant's headquarters office is located at 3300 Highlands Parkway, Suite 295, Smyrna, Georgia 30082. Defendant is a debt collector engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant uses the mail and/or telephone for the principal purpose of collecting debts from consumers on a nationwide basis, including consumers in the State of California.

## FACTS SUPPORTING CAUSES OF ACTION

6. In or around August 2018, Plaintiff began receiving calls from Defendant in an attempt to collect on an alleged defaulted Check n' Go Payday loan ("alleged debt"), for which it subsequently acquired the right to collect.

7. After Defendant acquired the alleged debt, Plaintiff began receiving these calls to his cellular telephone number, (530) XXX-4653.

8. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, possessor, and operator of the cellular telephone ending in 4653. Plaintiff is and has always been financially responsible for this cellular telephone and its services.

9. Plaintiff never provided his cellular telephone number to Defendant or otherwise expressly consented to Defendant's phone calls.

10. Immediately after the calls began, Plaintiff answered a phone call to his cellular telephone from a representative of Defendant. Defendant informed Plaintiff that it is attempting to collect on the alleged debt from over four years ago. Believing that he satisfied the alleged debt, Plaintiff disputed owing the alleged debt. Defendant told Plaintiff that he never satisfied the alleged debt and if Plaintiff did not make an immediate payment he will be jailed and required to handle the matter in court.

11. Furthermore, Defendant's representative falsely claimed to be an attorney and threated to sue Plaintiff if he did not make an immediate payment on the alleged debt. Plaintiff explained to Defendant that even if he did owe the alleged debt, the Statute of Limitations to collect on it has expired. Defendant's representative ignored Plaintiff and reiterated that he is an attorney and will sue Plaintiff it he did not make an immediate payment on the alleged debt.

12. Plaintiff demanded that Defendant send him proof of the alleged debt through the mail and cease calling him.

13. Plaintiff's demands that Defendant's phone calls cease went unheeded and Defendant continued its phone harassment campaign.

14. Notwithstanding Plaintiff's requests that Defendant's collection calls cease, Defendant placed or caused to be placed numerous harassing phone calls between August 2018 and the present day, in an attempt to collect on the alleged debt.

15. Defendant's deceptive and misleading conduct was intended to scare Plaintiff into making a payment on the alleged debt. Also, Defendant's efforts to threaten Plaintiff into making a payment on the alleged debt was intended in order to renew the Statute of Limitations on collecting the alleged debt.

16. In the calls that Plaintiff did answer, Plaintiff was greeted by a noticeable period of "dead air" while Defendant's automated telephone system attempted to connect Plaintiff to a live agent.

17. Specifically, there would be an approximate 2 second pause between the time Plaintiff said "hello," and the time that a live agent introduced them self as a representative of Defendant.

18. Moreover, Plaintiff also hears what sounds to be call center noise in the background of Defendant's calls.

19. Upon information and belief, Defendant placed its calls to Plaintiff's cellular telephone using an automated telephone dialing system that is commonly used in the debt collection industry to collect defaulted debts.

20. The phone number that Defendant most often used to contact Plaintiff is (916) 249-4635, but upon information and belief, it may have used other phone numbers as well.

21. Furthermore, at no time did Defendant send Plaintiff any written correspondence notifying him of his rights pursuant to 15 U.S.C. §1692g.

### DAMAGES

22. Defendant's harassing phone calls and illegal conduct have severely disrupted Plaintiff's daily life and general well-being.

23. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, embarrassment, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the phone calls,

aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services.

24. In addition, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's telephone number such that Plaintiff was unable to receive other phone calls.

25. Concerned about the violations of his rights and invasion of his privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

26. Plaintiff restates and realleges paragraphs 1 through 25 as though fully set forth herein.

27. Defendant placed or caused to be placed non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone using an automatic telephone dialing system ("ATDS") without his prior consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

28. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

29. Upon information and belief, the ATDS employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

30. Defendant violated the TCPA by placing numerous harassing phone calls to Plaintiff's cellular telephone from August 2018 through the present day, using an ATDS without his prior consent.

31. Any prior consent, if any, was revoked by Plaintiff's verbal revocations.

32. As pled above, Plaintiff was severely harmed by Defendant's collection calls to his cellular phone.

33. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to contact consumers on their cellular phones.

34. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

35. Defendant, through its agents, representatives, vendors, subsidiaries, and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

36. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff, STANLEY D. JUSTICE respectfully requests that this Honorable Court enter judgment in his favor as follows:

   a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

   b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

   c. Enjoining Defendant from contacting Plaintiff; and

   d. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

37. Plaintiff restates and realleges paragraphs 1 through 36 as though fully set forth herein.

38. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

39. The alleged debt is a "debt" as defined by FDCPA §1692a(5) as it arise out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

40. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

41. Moreover, Defendant is a "debt collector" because it acquired rights to the alleged debt after it was in default. 15 U.S.C. §1692a(6).

42. Defendant used the phone to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

43. Defendant's communications to Plaintiff were made in connection with the collection of the alleged debt.

44. Defendant violated 15 U.S.C. §§1692c(a)(1), d, d(5), e, e(2), e(3), e(4), e(5), e(7), f, and g through its unlawful debt collection practices.

    **a.   Violations of FDCPA § 1692c**

45. Defendant violated §1692c(a)(1) when it continuously called Plaintiff after being notified to stop. This repeated behavior of systematically calling Plaintiff's cellular phone after he demanded that it cease contacting him was harassing and abusive. Even after being told to stop contacting him, Defendant continued its onslaught of calls with the specific goal of oppressing and abusing Plaintiff into paying the alleged debt.

46. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient, unwanted, and distressing to him.

    **b.   Violations of FDCPA § 1692d**

47. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Plaintiff's cellular phone seeking immediate payment on the alleged debt after

Plaintiff demanded that Defendant cease calling his cellular phone. Furthermore, Defendant harassed Plaintiff by threatening to jail and sue him if he did not satisfy the alleged debt. This conduct is abusive and oppressing because Defendant had no intentions on pursuing such actions. In fact, Defendant lacks the capability to either jail or sue Plaintiff. Rather, Defendant intended to scare Plaintiff into making a payment on the alleged debt.

48. Defendant violated §1692d(5) by causing Plaintiff's cellular phone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of the alleged debt with the intent to annoy, abuse, or harass Plaintiff. Specifically, Defendant placed or caused to be placed numerous harassing phone calls to Plaintiff's cellular telephone using an automated telephone dialing system without Plaintiff's consent.

    c. **Violations of FDCPA § 1692e**

49. Defendant violated §1692e when it used false, deceptive, and misleading representation in connection to the alleged debt.

50. First, Defendant attempted to falsely represent the legal status of the alleged debt in violation of §1692e(2). Specifically, Defendant tried to collect on the alleged debt after the Statute of Limitations to collect on it expired. California has a Statute of Limitations of four years for debts (California Code of Civil Procedure Section 337). Defendant attempted to mislead Plaintiff into making a payment on the alleged debt in order to renew the Statute of Limitations to collect on the alleged debt by threatening to sue and jail Plaintiff.

51. Second, Defendant violated §1692e(3) when its representative falsely claimed to be an attorney. Defendant intended to deceive Plaintiff in believing he was actually speaking to an attorney and if he did not make an immediate payment on the alleged debt, he would be jailed and sued.

52. Third, Defendant falsely informed Plaintiff that if he did not satisfy the alleged debt he would be jailed in violation of §1692e(4). Defendant's false statement was intended to scare Plaintiff into making a payment on the alleged debt. Defendant had no intentions on taking any legal action against Plaintiff, thus violating §1692e(5).

53. Defendant falsely represented to Plaintiff that nonpayment on the alleged debt is a crime that results in Plaintiff being jailed in violation of §1692e(7). Defendant threatened to jail Plaintiff if he did not make a payment on the alleged debt, implying Plaintiff committed a crime when he did not.

### d. Violations of FDCPA § 1692f

54. Defendant violated §1692f by unfairly and unconscionably attempting to collect on the alleged debt. Defendant systematically placed calls to Plaintiff's cellular phone after he demanded it stop. Defendant ignored Plaintiff's demands and continued its harassing, unwanted phone calls.

55. Furthermore, Defendant's representative falsely claimed to be an attorney and threatened to sue and jail Plaintiff if he did not satisfy the alleged debt. Defendant legally could not sue to enforce pursuant to the fact that the Statute of Limitation period to sue upon the alleged debt had expired.

### e. Violations of FDCPA § 1692fg

56. Defendant violated §1692g through its initial communication by failing to properly inform Plaintiff as to Plaintiff's rights for debt verification in a manner which was not reasonably calculated to confuse or frustrate the least sophisticated consumer. Despite the foregoing, Defendant through its initial telephone communication demanded payment of the alleged debt from Plaintiff through the use of an automated telephone dialing system and failed to adequately send Plaintiff his right to dispute the validity of the subject debt within five days of the initial communication.

57. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt through incessant harassing phone calls to the cellular phones of consumers.

58. Upon information and belief, Defendant systematically places unsolicited and harassing debt collection calls to consumers in California in order to aggressively collect debts allegedly in default to increase its profitability at the consumers' expense.

59. Furthermore and upon information and belief, Defendant systematically uses threats of lawsuits and jail time in order to induce payments of debts allegedly owed by California consumers after the expiration of the statutory period for suing to enforce collection of the debt.

60. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff STANLEY D. JUSTICE respectfully requests that this Honorable Court:
   a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
   b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
   c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
   d. Award any other relief as the Honorable Court deems just and proper.

### COUNT III – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

61. Plaintiff restates and realleges paragraphs 1 through 60 as though fully set forth herein.

62. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

63. The alleged debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

64. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

**a. Violations of RFDCPA § 1788.11(d)**

65. The RFDCPA, pursuant to Cal. Civ. Code § 1788.11(d), states that a debt collector may not cause "a telephone to ring repeatedly or continuously to annoy the person called."

66. Defendant violated the RFDCPA when it continuously called Plaintiff's cellular telephone after he notified it to stop calling. This repeated behavior of systematically calling Plaintiff's cellular telephone despite his demands it cease, was done with the purpose of annoying Plaintiff into paying the alleged debt.

    **b.  Violations of  RFDCPA § 1788.11(e)**

67. The RFDCPA, pursuant to Cal. Civ. Code § 1788.11(e), states that a debt collector may not communicate "by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute a harassment to the debtor under the circumstances."

68. Defendant violated the RFDCPA when it continuously called Plaintiff's cellular phone after he notified it to stop calling. This repeated behavior of systematically calling Plaintiff's cellular phone despite his demands was unreasonable and harassing. The repeated contacts were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately make a payment. The frequency and volume of calls, shows that Defendant willfully ignored Plaintiff's pleas with the intent of harassing him.

69. Furthermore, Defendant relentlessly contacted Plaintiff numerous times. Placing such voluminous calls in short succession constitutes conduct that is unreasonable and harassing in an attempt to harass Plaintiff into making payment in violation of the RFDCPA.

70. Additionally, Defendant threatened to sue and jail Plaintiff if the alleged debt was not paid immediately. This conduct was harassing because Defendant only intended to scare Plaintiff into paying the subject debt.

71. Upon being told to stop calling, Defendant had ample reason to be aware that it should cease its harassing campaign of collection phone calls. Nevertheless, Defendant consciously chose to continue placing calls to Plaintiff's cellular telephone.

    **c.  Violations of  RFDCPA § 1788.13(j)**

72. Defendant violated § 1788.13(j) by falsely representing that a legal proceeding will be initiated unless payment of the subject debt is made.

73. Specifically, Defendant's representative falsely represented that if Plaintiff did not satisfy the alleged debt, then Plaintiff will be sued and jailed. Defendant used such false representation in order to induce Plaintiff into making a payment on the alleged debt when Plaintiff had no illegal obligation to make such payment. Defendant intended to scare Plaintiff into satisfying the alleged debt by falsely representing that he will be sued and jailed for nonpayment on the alleged debt.

**WHEREFORE**, Plaintiff STANLEY D. JUSTICE respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);
c. Award Plaintiff statutory damages, pursuant to Cal. Civ. Code § 1788.30(b);
d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c); and
e. Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: November 30, 2018                    Respectfully submitted,

By: /s/ Nicholas M. Wajda
Nicholas M. Wajda
WAJDA LAW GROUP, APC
11400 West Olympic Boulevard, Suite 200M
Los Angeles, California 90064
Telephone: (310) 997-0471
Facsimile: (866) 286-8433
Email: nick@wajdalawgroup.com