# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY D. JUSTICE, | No. 2:18-CV-3107-TLN-DMC |
| Plaintiff, | |
| v. | ORDER |
| FIDELIS RECOVERY MANAGEMENT, LLC, | |
| Defendant. | |

Plaintiff, who is proceeding with retained counsel, brings this civil action for violation of the Fair Debt Collection Practices Act, the Telephone Consumer Protection Act, and California's Rosenthal Fair Debt Collection Practices Act. See ECF No. 1. Pending before the Court is plaintiff's unopposed motion for default judgment. See ECF No. 9.

Where a defendant has failed to respond to the complaint, the Court presumes that all well-pleaded factual allegations relating to liability are true. See Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam); Danning v. Lavine, 572 F.2d 1386 (9th Cir. 1978); Televideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam); see also Discovery Communications, Inc. v. Animal Planet, Inc., 172 F. Supp. 2d 1282, 1288 (C.D. Cal. 2001). Therefore, when determining liability, a defendant's default functions as an admission of the plaintiff's well-pleaded allegations of fact. See Panning v. Lavine, 572 F.2d

1

1386 (9th Cir. 1978).

While factual allegations concerning liability are deemed admitted upon a defendant's default, the court does not presume that any factual allegations relating to the amount of damages suffered are true. See Geddes, 559 F.2d at 560. The Court must ensure that the amount of damages awarded is reasonable and demonstrated by the evidence. See id. In discharging its responsibilities, the Court may conduct such hearings and make such orders as it deems necessary. See Fed. R. Civ. P. 55(b)(2). In assessing damages, the Court must review the facts of record, requesting more information if necessary, to establish the amount to which plaintiff is lawfully entitled. See Pope v. United States, 323 U.S. 1 (1944).

In his motion for default judgment, plaintiff argues that the facts alleged in the complaint establish violations of the Fair Debt Collection Practices Act (FDCPA), the Telephone Consumer Protection Act (TCPA), and California's Rosenthal Fair Debt Collection Practices Act (RFDCPA). See ECF No. 9, pg. 2. For damages, plaintiff requests, among other things, $30,000.00 in treble statutory damages under the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) & (C) ($1,500.00 per each of 20 calls in violation). See id. at 3.

Neither the complaint nor the declarations filed in support of plaintiff's motion, however, establish the number of calls defendant made or caused to be made in violation of the TCPA. In order to discharge the Court's duty to ensure the amount of damages awarded is reasonable and supported by evidence, see Geddes, 559 F.2d at 560, plaintiff will be granted an opportunity to provide additional evidence to support the request for treble statutory damages under the TCPA, see Pope, 323 U.S. 1. If no such evidence is filed within the time allowed herein, the Court will rule on plaintiff's motion on the current record.

Accordingly, IT IS HEREBY ORDERED that plaintiff may file additional evidence in support of his motion for default judgment within 30 days of the date of this order.

Dated: March 5, 2020

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE