# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY D. JUSTICE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FIDELIS RECOVERY MANAGEMENT, LLC,<br><br>　　　　Defendant. | No.  2:18-CV-3107-TLN-DMC<br><br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff, who is proceeding with retained counsel, brings this civil action for violation of the Fair Debt Collection Practices Act, the Telephone Consumer Protection Act, and California's Rosenthal Fair Debt Collection Practices Act.  See ECF No. 1.  Pending before the Court is plaintiff's unopposed motion for default judgment.  See ECF No. 9.

## I. PLAINTIFF'S ALLEGATIONS

　　　　This action proceeds on plaintiff's original complaint.  See ECF No. 1.  Plaintiff alleges that defendant "is a debt collector engages in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others."  Id. at 2.  According to plaintiff, he began receiving calls from defendant in August 2018 in an attempt to collect on an alleged defaulted Checks n'Go Payday loan.  See ECF No. 1, pg. 2.

1

Plaintiff alleges defendant "subsequently acquired" the right to collect this debt. Id. Plaintiff states that, after defendant acquire the alleged debt, he "began receiving calls to his cellular telephone number, (530) XXX-4653." Id. Plaintiff further states that, during all times relevant to the complaint, he was the sole subscriber, owner, possessor, and operator of the cellular account ending in 4653. See id. at 3. Plaintiff claims he never provided this number to defendant and never expressly consented to defendant's phone calls. See id.

Next, plaintiff contends:

> Immediately after the calls began, Plaintiff answered a phone call to his cellular telephone from a representative of Defendant. Defendant informed Plaintiff that it is attempting to collect on the alleged debt from over four years ago. Believing that he satisfied the alleged debt, Plaintiff disputed owing the alleged debt. Defendant told Plaintiff that he never satisfied the alleged debt and if Plaintiff did not make an immediate payment he will be jailed and required to handle the matter in court.

Id.

Plaintiff also contends:

> Furthermore, Defendant's representative falsely claimed to be an attorney and threated to sue Plaintiff if he did not make an immediate payment on the alleged debt. Plaintiff explained to Defendant that even if he did owe the alleged debt, the Statute of Limitations to collect on it has expired. Defendant's representative ignored Plaintiff and reiterated that he is an attorney and will sue Plaintiff it he did not make an immediate payment on the alleged debt.

Id.

Plaintiff alleges he demanded defendant send him proof of the alleged debt and cease calling him. See id. According to plaintiff, his demand went unheeded and defendant continued "its phone harassment campaign." Id. Plaintiff states defendant placed or caused to be placed "numerous harassing phone calls between August 2018 and the present day. . . ." Id. Plaintiff claims defendant's "deceptive and misleading" conduct was intended to scare plaintiff into making a payment on the alleged debt and to renew the statute of limitations on collecting the alleged debt. Id. at 4. Plaintiff alleges upon information and belief that defendant used an automated telephone dialing system. See id. Finally, plaintiff claims defendant never sent him any written correspondence notifying him of his rights pursuant to 15 U.S.C. § 1692g. See id.

///

2

Plaintiff alleges three claims for relief, as follows:

| | |
|---|---|
| Count I | Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. |
| Count II | Willful and knowing violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. |
| Count III | Violation of California's Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, et seq. |

See ECF No. 1, pgs. 1, 5-12.

Plaintiff seeks declaratory judgment, statutory damages, statutory attorney's fees and costs, and an injunction. See id.

## II. PROCEDURAL HISTORY

Plaintiff filed his complaint on November 30, 2018. See ECF No. 1. Process was returned executed on defendant on March 4, 2019. See ECF No. 6. As of August 5, 2019, defendant failed to respond to the complaint and plaintiff requested entry of default. See ECF No. 7. The Clerk of the Court entered defendant's default on August 9, 2019. See ECF No. 8. Plaintiff filed the instant motion for default judgment on September 13, 2019, see ECF No. 9, and the matter was thereafter submitted without oral argument, see ECF No. 14. The record reflects that plaintiff's motion for default judgment was served on defendant's registered agent for service of process on September 13, 2019. See ECF No. 9, pg. 5 (proof of service). To date, defendant has not sought to set aside the Clerk's entry of default or otherwise responded to plaintiff's motion.

On March 6, 2020, the Court issued an order providing plaintiff an opportunity to supplement his motion for default judgment with additional evidence supporting his damages claims. See ECF No. 15. The Court stated:

> In his motion for default judgment, plaintiff argues that the facts alleged in the complaint establish violations of the Fair Debt Collection Practices Act (FDCPA), the Telephone Consumer Protection Act (TCPA), and California's Rosenthal Fair Debt Collection Practices Act (RFDCPA). See ECF No. 9, pg. 2. For damages, plaintiff requests, among other things, $30,000.00 in treble statutory damages under the

3

> TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) & (C) ($1,500.00 per each of 20 calls in violation). See id. at 3.
>
> Neither the complaint nor the declarations filed in support of plaintiff's motion, however, establish the number of calls defendant made or caused to be made in violation of the TCPA. In order to discharge the Court's duty to ensure the amount of damages awarded is reasonable and supported by evidence, see Geddes, 559 F.2d at 560, plaintiff will be granted an opportunity to provide additional evidence to support the request for treble statutory damages under the TCPA, see Pope, 323 U.S. 1. If no such evidence is filed within the time allowed herein, the Court will rule on plaintiff's motion on the current record.
>
> Accordingly, IT IS HEREBY ORDERED that plaintiff may file additional evidence in support of his motion for default judgment within 30 days of the date of this order.

ECF No. 15, pg. 2.

To date, plaintiff has not submitted any additional evidence.

### III. DISCUSSION

Whether to grant or deny default judgment is within the discretion of the Court. See Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). In exercising this discretion, the Court considers the following factors: (1) the possibility of prejudice to the plaintiff if relief is denied; (2) the substantive merits of plaintiff's claims; (3) the sufficiency of the claims raised in the complaint; (4) the sum of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy favoring decisions on the merits when reasonably possible. See Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir 1986). Regarding the last factor, a decision on the merits is impractical, if not impossible, where defendants refuse to defend. See Pepsico, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

Where a defendant has failed to respond to the complaint, the Court presumes that all well-pleaded factual allegations relating to liability are true. See Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam); Danning v. Lavine, 572 F.2d 1386 (9th Cir. 1978); Televideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam); see also Discovery Communications, Inc. v. Animal Planet, Inc., 172 F. Supp. 2d 1282, 1288 (C.D. Cal. 2001). Therefore, when determining liability, a defendant's default functions as

4

an admission of the plaintiff's well-pleaded allegations of fact. See Panning v. Lavine, 572 F.2d 1386 (9th Cir. 1978). However, the Court has the responsibility of determining whether the facts alleged in the complaint state a claim which can support the judgment. See Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978). For this reason, the Court does not abuse its discretion in denying default judgment where the factual allegations as to liability lack merit. See Aldabe, 616 F.2d at 1092-93.

While factual allegations concerning liability are deemed admitted upon a defendant's default, the court does not presume that any factual allegations relating to the amount of damages suffered are true. See Geddes, 559 F.2d at 560. The Court must ensure that the amount of damages awarded is reasonable and demonstrated by the evidence. See id. In discharging its responsibilities, the Court may conduct such hearings and make such orders as it deems necessary. See Fed. R. Civ. P. 55(b)(2). In assessing damages, the Court must review the facts of record, requesting more information if necessary, to establish the amount to which plaintiff is lawfully entitled. See Pope v. United States, 323 U.S. 1 (1944).

Where actual damages are not proved, it may be appropriate in some cases to award nominal damages to vindicate the deprivation of certain "absolute" rights. See Cummings v. Connell, 402 F.3d 936, 942 (9th Cir. 2005). Nominal damages may be appropriate under California law for the torts of trespass, see Consterisan v. Tejon Ranch Co., 255 Cal.App.2d 57, 60 (5th Dist. 1967), assault, see Liljefelt v. Blum, 33 Cal.App.721 (1st Dist. 1917) (per curiam), loss of publicity, see Ericson v. Playgirl, Inc., 73 Cal.App.3d 850, 859 (2nd Dist. 1977), as well as breach of contract, see id.. As the term implies, nominal damages is defined as a mere token or trifle. See Cummings, 402 F.3d at 943.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Plaintiff argues that the facts alleged in the complaint establish violations of the Fair Debt Collection Practices Act (FDCPA), the Telephone Consumer Protection Act (TCPA), and California's Rosenthal Fair Debt Collection Practices Act (RFDCPA). See ECF No. 9, pg. 2. For damages, plaintiff requests the following:

| Amount | Basis for Request |
|---|---|
| $1,000.00 | Statutory damages under the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A). |
| $30,000.00 | Treble statutory damages under the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) & (C) ($1,500.00 per each of 20 calls in violation). |
| $4,145.25 | Attorney's fees and costs under the FDCPA pursuant to 15 U.S.C. § 1692k(a)(3). |

ECF No. 9, pg. 3.

Plaintiff also seeks an order allowing judgment interest to be added. See id. at 4. Though requested in the complaint, plaintiff's motion does not seek damages under the RFDCPA, declaratory relief, or injunctive relief. Filed in support of plaintiff's motion are his counsel's affidavits. See ECF Nos. 9-1 and 9-2.

As explained above and in the Court's March 6, 2020, order, the Court may not award damages that are not supported by proof. Here, while plaintiff states in his motion 20 calls were made in violation of the TCPA, he has not provided any evidence to support this contention. The number of calls made in violation of the TCPA is not alleged in the complaint and plaintiff has provided no declarations attesting to the number of calls made in violation of the act. Accordingly, the Court cannot recommend default judgment be entered with respect to the alleged violations of the TCPA. The Court, however, finds plaintiff's evidence sufficient to support his claim for statutory damages and attorney's fees and costs under the FDCPA.

///
///
///
///
///

### IV.  CONCLUSION

Based on the foregoing, the undersigned recommends that plaintiff's motion for default judgment be granted in part and that plaintiff be awarded $5,145.25 in statutory damages and attorney's fees and costs under the FDCPA.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 26, 2020

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

7